## LORBER et al. v. VISTA IRR. DIST.

### No. 9873.

*Circuit Court of Appeals, Ninth Circuit.*

June 20, 1944.

Rehearing Denied Aug. 15, 1944.

W. Coburn Cook, of Turlock, Cal., for appellants.

A. M. Thompson and Sloane & Steiner, all of San Diego, Cal., for appellee.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

This case was here before, and we filed our opinion and decision upon the 16th of April, 1942. Lorber et al. v. Vista Irr. Dist., 9 Cir., 127 F.2d 628, 638. Therein we expressed our opinion upon the several issues in the case excepting two only and remanded as to such issues. For an understanding of the principal issue now before this court we quote from the district judge's comment upon calling the case after remand.

"The Court: In its opinion, the Circuit Court of Appeals used this language referring to the language that is found in the advance copy of the opinion on page 20 [127 F.2d 639], which I quote:

" ' "However, in the cited cases, in which we held the various plans proposed to be fair, there was evidence as to the reasonable expectations of the District in the way of taxes to be collected" and so forth. Then the court goes on to point out that in the Merced case [West Coast Life Ins. Co. v. Merced Irr. Dist., 9 Cir., 114 F.2d 654] there was introduced into evidence what was referred to as the Benedict report which entailed a scientific study of the taxpaying ability of the District, which represented about 9 months of intensive work. "In the James Irrigation District case [Moody v. James Irr. Dist., 9 Cir., 114 F.2d 685], there was testimony that the indebtedness provided for in the plan of composition was 'well up to the limit of the ability of the lands in the District to meet'." Similar testimony was introduced in the other cases referred to, and we held that in each case there was ample support for the trial courts' conclusions that the respective plans were fair and equitable.

" 'Since our decisions in the cited water district cases were handed down, the Supreme Court decided the case of Consolidated Rock Company v. DuBois, supra [312 U.S. 510, 529, 61 S.Ct. 675, 85 L.Ed. 982], which case would indicate that in order to "exercise the 'informed, independent judgment' * * * which appraisal of the fairness of a plan of reorganization entails," the trial court should make some finding to support a conclusion that the payments provided for in the plan of composition are all that the District is reasonably able to pay in the circumstances.'

"That is the end of the quotation, and, accordingly, the court directs the case 'be remanded to the District Court to make the findings herein stated to be necessary.'

"The only observation I think ought to be made is that the evidence should bring us down to date, so to speak, so that we can tell what has transpired subsequent to the signing of the decree in this case, as well as what the evidence showed as to events up to the time of the rendering of that decree, respecting the taxpaying ability of the District. So I take it the District will go forward first."

Evidence both oral and documentary was received by the court, and the court made nine separate paragraphs of additional findings of fact, the ninth [IX] paragraph thereof being as follows:

"That the refinancing of the bonded indebtedness on the basis of paying 55¢ on

the dollar for the outstanding bonds upon the terms as set forth in the proposed plan of reorganization constitutes the maximum that said District can reasonably pay."

All of the other eight paragraphs of findings relate to facts which, in the court's opinion support the finding of paragraph IX.

Appellants present five points upon appeal, and we shall consider them in the order of their presentation in the appellants' opening brief.

## Point I.

This point refers to an amendment made by the trial court after remand in clarification of the original findings. We need give the point no further attention as the amendment appears to be satisfactory to the parties.

## Points II and III.

■ Appellants claim that: "The findings of the court remain insufficient to support the conclusion arrived at that 55 cents on the dollar represents the maximum of the ability of this district to pay."

The findings of fact are sufficient. They state the unfavorable conditions which have brought about heavy delinquencies in meeting assessments. They recite that an increase of taxes and assessments would make this matter worse. The findings recite facts showing the need for large expenditures in the restoration to good working conditions of the District irrigation pipe lines, and showing that at the time of making application to R. F. C., the District bonds were listed on exchange at 18 cents; while R. F. C. offered to refinance at 55 cents. There is substantial evidence that the District had been unsuccessful in obtaining a loan from sources other than R. F. C. We hold that the findings are a sufficient basis for the concluding paragraph IX to the effect that 55 cents on the dollar was the maximum that the District could reasonably pay on outstanding bonds. We hold that the evidence substantially supports the findings.

## Point IV.

Appellant claims that: "Error was committed in that the court found that the R. F. C. investigated conditions in the District and granted a loan of 55 cents on the dollar and used this finding as a conclusion that that was all the District could pay."

The finding does not bear this interpretation. The court found that the District was in trouble and could not meet its obligations as they fell due. The finding specifically complained of here is simply a factual statement to the effect that the District sought a refinancing from R. F. C. at 65 cents and that 55 cents was as high as R. F. C. would go. The court in all probability meant to imply that without such refinancing its ability to pay would have been less than the figure of 55 cents. Point IV presents no error.

## Point V.

■ Appellants claim that: "Further consideration should be given by the court to the fifth proposition set forth in appellants' opening brief at page 51, wherein the point is asserted that the plan of composition is unfair because it does not grant to the appellants the equal privilege of receiving refunding bonds bearing 4% interest the same as it offers to the Reconstruction Finance Corporation. The court should determine that the plan of composition is unfair for this reason."

This point was decided adversely to appellants' contention in West Coast Life Ins. Co. v. Merced Irr. Dist., 9 Cir., 114 F.2d 654, by this court, and we adhere to our opinion therein expressed.

The classification suggested in our remand has been properly made. We adhere to our expressions made in our opinion of April 16, 1942, and now hold that the district court was not in error in finding that 55 cents was the most the District could reasonably pay. The interlocutory decree must therefore be affirmed unless a motion heretofore made is granted.

## The Motion.

Appellants move the court for an order dismissing the proceedings or in the alternative remanding them to the district court to dismiss or remanding them with instructions to consider this motion on the following grounds, to-wit:

"1. There is no longer any valid consent of creditors to the plan of composition.

"2. That the cause is now moot inasmuch as the original obligations have been entirely satisfied and discharged and are no longer existing obligations of the debtor.

"3. That the district has not shown good faith but on the contrary has shown bad faith in that it has liquidated its indebtedness involved in the bankruptcy proceedings and has not informed this court and seeks confirmation of the indebtedness none the less.

"4. The district has received and should be held to hold for the account of its creditors large financial benefits obtained through a readjustment of its bonded indebtedness furnished since the entry of the interlocutory decree herein."

In the alternative appellants move the court to remand the proceedings for the consideration of the district court.

The four grounds stated as the grounds of the motion can best be treated together.

■ Under the plan of composition R. F. C. was to furnish the money at 4% to refinance the debts of the District, and it advanced the money with which to purchase something over 90% of the outstanding bonds and was ready, willing and able to advance money for the purchase of the balance thereof. The District advanced the money for the due interest in accordance with the plan. Under the statute, as we have held in West Coast Life Ins. Co. v. Merced Irr. Dist., 9 Cir., 114 F.2d 654, R. F. C. was in a legal position to sign consent to the composition and it did so. R. F. C. was not a profit making enterprise but was a governmental agency organized for the purpose, among others, of assisting financially embarrassed enterprises through the great depression of the early thirties. The Bankruptcy Act was amended and added to in order to apply the ordinary features of bankruptcy to embarrassed municipalities.

The first Bankruptcy Act referring to municipalities fell for the want of constitutionality, but the second one stood all of the constitutional tests applied to it.

The financial difficulties of the Vista District date back to 1932 and in 1933 its directors sought relief through the Bankruptcy Act and the new governmental agency, R. F. C.

■ The acceptance of aid from R. F. C. immediately helped the District through reduction of interest on its bonded indebtedness from 7% to 4%. The practical assurance that the plan would be followed through no doubt gave encouragement to assessment payers. The times improved. Upon the completion of the proceedings all of the bonded indebtedness would be in R. F. C. with the total principal sum scaled down to 55 cents on the dollar and interest at 4%.

In these circumstances the District could and did begin to prosper. It was able to repay R. F. C. some of the money it had advanced, and for the sum so paid it was relieved of issuing refunding bonds in just such sum. With the general improvement in times and the improved conditions of the District its credit greatly improved. It was enabled to and did issue and sell its 3¼% bonds in the approximate sum of the money theretofore advanced by R. F. C., and with the money so obtained it repaid the total obligation to R. F. C.

We see no difference in principle between the payment of R. F. C. with accumulated assessments and the use of the District's credit. Certainly it was good business for the District to do this, and it harmed no one. Through the government agency and the bankruptcy law the purpose of the government had been accomplished.

It must always be borne in mind that the composition law acts differently from the ordinary liquidating bankruptcy proceeding. Usually the bankruptcy law contemplates eventual closing of the business. Composition contemplates that the business proceeds with the eventual end of rehabilitation. This is especially true as to municipalities. The affairs of the District must go on. If they must go on, there can be no reason in the theory that the contract between the District and the rescuing governmental agency cannot by mutual consent be modified when the modification to a certainty will be financially helpful to the District and of no possible harmfulness to those whose debts have been scaled downward.

Attached to the motion are certain copies of advertising printed matter regarding the soundness of the District and the advantage of buying the District bonds issued for the purpose of repaying R. F. C.

The advertising matter is not connected directly with the District and it is probable that a very good factual showing could be truthfully made, but because of the changed conditions and the reasons therefor as hereinbefore commented upon, we think all such representations immaterial.

The motion will be denied, and the interlocutory decree will be affirmed.

The District should promptly deposit with the clerk of the district court the required sums to discharge the obligation to all bondholders who have not consented to the plan and promptly apply for the final decree.

The motion is denied and the interlocutory decree is affirmed.