## MASON v. PARADISE IRR. DIST.
### No. 9925.

Circuit Court of Appeals, Ninth Circuit.

May 11, 1945.

W. Coburn Cook, of Turlock, Cal., for appellant.

Jerome D. Peters, of Chico, Cal., and H. S. Clewett, of Paradise, Cal., for appellee.

Before GARRECHT, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

This appeal is by a bondholder from an interlocutory decree approving a reorganization plan of a California irrigation district organized under the California Irrigation District Act of 1897, Cal.Stat. 1897, p. 254.

But two points are presented.

Firstly, it is contended that the bondholder has not been treated fairly or equally in the reorganization plan inasmuch as other creditors may be awarded 4% refunding bonds while he must take cash for the bonds he is required to surrender. Appellant admits that this court has held contrary to his contention in West Coast Life Ins. Co. v. Merced Irr. Dist., 9 Cir., 1940, 114 F.2d 654 and Lorber v. Vista Irr. Dist., 9 Cir., 1944, 127 F.2d 628, 9 Cir., 1944, 143 F.2d 282. He contends that the Fifth Circuit has decided otherwise in State of Texas v. Tabasco Consolidated School Dist., 132 F.2d 62, 133 F.2d 196, 142 F.2d 58, 1944. We adhere to our viewpoint as expressed in this court's decisions as cited.

Secondly, it is submitted that the trial court erred in granting a motion by appellee to set aside a stipulation theretofore made by the parties and accepted by the court. The only part of the stipulation in issue is that part which provided that appellant should be awarded $1000 costs and expenses on the appeal. Stipulations of this nature are subject to the discretion of the trial court and can be attacked only upon the showing that such discretion was abused and that the court's ruling is inequitable. No inequitable circumstance is asserted by appellant.

Affirmed.